JOHN B. O'MALLEY, JAMES W. O'MALLEY AND VINCENT O'MALLEY, TRUSTEES

*v.*

STATE OF ILLINOIS.

*Opinion filed March 8, 1923.*

INHERITANCE TAX—*when refund will be made under Section 25, Inheritance Tax Law.* In this claim there is no dispute as to the facts and the law governing the same, and upon the proofs submitted the Court enters an award for the difference between the amount of tax paid under the original order assessing the tax and the amount found to be due upon the final order re-assessing the tax, with interest thereon at 3%.

Edward J. Brundage, Attorney General, for State.

This is a suit brought by the petitioners, John B. O'Malley, James W. O'Malley and Vincent O'Malley of City of Chicago, Cook County, Illinois, trustees of the estate of John O'Malley, late of said Cook County, deceased, for refund of inheritance tax, claimed to be due claimants.

Said John O'Malley died a resident of Chicago, Illinois, March 17th, 1920, leaving a last will and testament and codicil thereto, under which petitioners were appointed executors and trustees of said will, testament and codicil.

The provisions of said will pertinent to the issues involved in this suit are in proof herein.

The will was duly admitted to probate May 1st, 1920, and said estate duly adjudicated and settled and petitioners discharged as executors.

In the administration of the estate in assessing the inheritance tax upon the property of the estate of said deceased, certain successions were taxed under section 25 of the Inheritance Tax Act of July 1st, 1909, as upon a succession with respect to a specific legacy of $15,000.00 to Mrs. J. J. Hardin, a niece of said decedent—that is to say the $15,000.00 was imposed at the highest rate which, on the happening of any contingencies or conditions, was possible, and was levied on the assumption that said property would pass to said Mrs. J. J. Hardin, and that in assessing the inheritance tax upon the residue of the property of said estate of said deceased, the succession was taxed under said section 25, as upon a succession to Catherine O'Malley, widow of said John O'Malley, deceased, and imposed at the highest rate which upon the happening of any contingencies or conditions was possible, and was levied upon the assumption that the said residue of said property of said estate would pass to Catherine O'Malley.

As trustees of the will claimants were obliged to and did on September 10th, 1920, by order of the County Court did pay the total amount of inheritance tax upon the gifts, legacies, interests, successions

appraised and distributed for taxation by order of the County Court, September 3rd, 1920, amounting to the total sum of $4,774.29 less 5% discount making a net sum of $4,535.58, which included the taxes upon said successions distributed for taxation under said section 25 to said Mrs. J. J. Hardin and Catherine O'Malley.

Under the terms of the will all the estate passed to said trustees, petitioners, and the time fixed for distribution of the estate was at the death of said Catherine O'Malley, widow of said decedent. The said widow O'Malley died August 10th, 1922, at which time all contingencies and conditions were defeated and rendered void, and Sarah E. Stone, sister of deceased became entitled to $15,000.00 free from all trusts, limitations and conditions; and the claimants, John B. O'Malley, James W. O'Malley and Vincent O'Malley, sons of decedent became entitled to said residue, being 1/3 each thereof, freed of all trusts, limitations, conditions and Sarah E. Stone, being the sister of said John O'Malley, deceased, is entitled to an exemption of $10,000.00 and claimants, who are the sons of said deceased became entitled to $20,000.00 each exemption; and Catherine O'Malley being the widow was entitled to an exemption of $20,000.00.

Subsequently an order was made by the Court and the estate reappraised as required by law, and approved by the Attorney General. The latter adjustment by the Court shows that the inheritance tax is assessed in the sum of $2,398.48 and not the sum of $4,774.29 as previously assessed.

From calculations made on the two assessments and the payment made on the original assessment it shows claimants entitled to a refund of $2,257.02 with interest at 3% per annum from September 10th, 1920. To this the Attorney General gives his written consent herein.

It is therefore ordered by the Court that claimants be awarded and paid by the State the sum of $2,257.02 with 3% interest thereon per annum from September 10th, A. D. 1920.